Chen v. Barr

BIA
Wright, IJ
A206 071 811

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

YING CHEN,

> *Petitioner,*

> v.                         17-2340
>                               NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Carly McIntyre,

Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, and DENIED in part.

Petitioner Ying Chen, a native and citizen of China, seeks review of a July 12, 2017, decision of the BIA affirming an October 6, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Chen,* No. A206 071 811 (B.I.A. Jul. 12, 2017), *aff'g* No. A206 071 811 (Immig. Ct. N.Y. City Oct. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Asylum – One-Year Filing Deadline

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application is limited to constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Such claims and questions must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Chen raises no colorable questions of law.

Chen contends that the agency erred in relying on her divorce decree as evidence that she may have been in the United States as early as 2012. She argues that the word "America" in the decree could have meant Mexico, and that (in any event) the date was the result of her mother's error. While a serious mischaracterization of the record may constitute legal error, the alleged error of law is not colorable because the record supports the agency's interpretation. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d

3

Cir. 2009). Chen never testified that she worked while in Mexico; she generally referred to the United States as America; and she never used America to refer to Mexico. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))). To the extent she challenges the agency's reliance on her mother's mistake, she is arguing over the weight the agency gave the evidence, which we lack jurisdiction to review. See *Xiao Ji Chen*, 471 F.3d at 329, 342.

Withholding and CAT – Adverse Credibility

There is no time restriction for seeking withholding of removal and CAT relief. The agency denied that relief on credibility grounds, which we review for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such

4

statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on Chen's varying descriptions of the incident in which family planning authorities attempted to transport her to the hospital for sterilization. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Her asylum application, interview, and testimony gave three different locations for where she was when the authorities came and were inconsistent about who followed her. And her testimony included details of a physical altercation between authorities and her family members that were omitted from her asylum statement. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an

5

adverse inference about petitioner's credibility based, inter alia, on her failure to mention" important details or events in prior statements); *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (upholding adverse credibility determination where "application did not simply omit incidents of persecution . . . [but rather] described the same incidents of persecution differently"). Chen had no compelling explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)). Although the agency should not rely too heavily on minor omissions, the information Chen added about her family's resistance did not merely supplement her account but amounted to a different, more aggressive version of the event. *See Hong Fei Gao*, 891 F.3d at 78-82 (holding that "probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose" and that "[o]missions need not go to the heart of a claim to be considered in adverse

credibility determinations, but they must still be weighed in light of the totality of the circumstances and in the context of the record as a whole.").

Having questioned Chen's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency declined to afford significant weight to letters from Chen's mother and friend in China. That was not error because the letters lacked detail, and the authors were unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to agency's decision to afford little weight to spouse's letter). Chen's mother's letter also was inconsistent with Chen's account of her escape from the family planning officials: Chen said she ran away after convincing the officials to stop the van;

7

Chen's mother's account suggests that Chen escaped during the altercation between authorities and family members at the house.

Given the multiple inconsistencies and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of withholding of removal and CAT relief because both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED as to the asylum claim, and DENIED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court